United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20253

ALLIANZ VERSICHERUNGS, AG,

Plaintiff - Appellant,

versus

PROFREIGHT BROKERS INC., ET AL

Defendants,

PROFREIGHT BROKERS INC.,

Defendant - Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-2332
--------------------

Before HIGGINBOTHAM, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Appellant Allianz Versicherungs, AG, appeals from a judgment limiting its recovery from Profreight Brokers, Inc. to fifty dollars based on a contractual limitation of liability. Allianz asserted below that Profreight waived its contractual limitation of liability defense because it did not plead it as an affirmative defense pursuant to FED. R. CIV. P. 8(c). Assuming Profreight's limitation of liability defense constituted an affirmative defense

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

subject to Rule 8(c), the magistrate judge found that the defense was not waived because Allianz was not prejudiced by Profreight's late assertion of it.

On appeal, Allianz claims that the court erred by (1) finding that Profreight's failure to plead limitation of liability as an affirmative defense did not result in waiver; (2) applying the contractual limitation of liability to limit its damages because the magistrate judge based the damage recovery on negligence, not contract; (3) admitting a contract into evidence that, while providing the same limitation of liability, was not the actual contract governing the transaction at issue; (4) finding that Allianz failed to present admissible and competent evidence of its recoverable damages; and (5) granting Profreight's bill of costs. For the following reasons, we AFFIRM.

FED. R. CIV. P. 8(c) provides that parties must plead all affirmative defenses, and it is well-established that "[f]ailure to follow this rule generally results in a waiver."[1]  This rule, however, is not without exception:  "Although failure to raise an affirmative defense under rule 8(c) in a party's first responsive pleading 'generally results in a waiver . . . ., [w]here the matter is raised in the trial court in a manner that does not result in

---

[1] FED. R. CIV. P. 8(c); *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983).

unfair surprise . . . technical failure to comply precisely with Rule 8(c) is not fatal.'"[2]

Assuming without deciding that contractual limitation of liability is an affirmative defense subject to FED. R. CIV. P. 8(c), Profreight's failure to plead it did not result in waiver because no prejudice to Allianz resulted. The facts do not support Allianz's contention that prejudice resulted because it was denied the benefit of discovery and it incurred unnecessary legal fees. Profreight first raised this contention in its Joint Pretrial Order on December 26, 2001, and trial occurred on March 18-19, 2002, nearly three months later. The magistrate issued its final judgment on February 11, 2003. The fact that Allianz had three months to consider and prepare for the limitations defense and adequate time after judgment to move to alter or amend the judgment refutes Allianz's assertion that it was prejudicially surprised.[3] Moreover, the fact that the applicability of a contract provision is a pure question of law belies Allianz's assertion that it needed more time for discovery. Finally, Allianz provides no authority for its contention that a plaintiff can be prejudiced by incurring more legal fees than it would have incurred if a defense fatal to

---

[2] *Giles v. General Elec. Co.*, 245 F.3d 474, 491-92 (5th Cir. 2001) (citing *Allied Chem. Corp.*, 695 F.2d at 855-56).

[3] *See Giles*, 245 F.3d at 492 (holding that no unfair surprise could have resulted from a defense raised and heard "as a contested issue of law in the joint pretrial order").

its claim had been raised earlier. With these considerations in mind, we hold that the defense was not waived.

Second, Allianz's claim that the court erred by applying the contractual limitation of liability to damages based on Profreight's extra-contractual actions was not properly presented below. Therefore, we review for plain error.[4] "Under a plain error analysis, the court can correct an error not raised at trial only if there is (1) error, (2) that is plain, and (3) that affects the appellant's substantial rights, and further, if all three of these conditions are met, the court may exercise its discretion to notice the forfeited error only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."[5] Under this standard, even if the court erred in applying the contractual limitation, the error did not affect

---

[4] *Industrias Magromer Cueros y Pieles S.A. v. Louisiana Bayou Furs Inc.*, 293 F.3d 912, 921 (5th Cir. 2002). Allianz's contention that it properly raised the argument below by "object[ing] to the application of the limitation provision generally" is insufficient to preserve error. To preserve error, a party must put a court on notice regarding the substance of the issue. *See Nelson v. Adams USA Inc.*, 529 U.S. 460, 469 (2000) ("It is indeed the general rule that issues must be raised in lower courts in order to be preserved as potential grounds of decision in higher courts. But this principle does not demand the incantation of particular words; rather, it requires that the lower court be fairly put on notice as to the substance of the issue."). Although Allianz argued below that (1) Profreight's contract defense was waived because not pleaded, (2) the contractual provision was invalid because not bargained for, and (3) Profreight, as a broker, could not limit its liability, Allianz never argued that it was improper for the court to limit "extra-contractual" damages based on a contract provision. As a result, the argument was not properly preserved for plenary review.

[5] *United States v. Solis*, 299 F.3d 420, 449 (5th Cir. 2002).

substantial rights and seriously affect the fairness, integrity, or public reputation of judicial proceedings.

Third, Allianz claims that the court erred by enforcing the limitation of liability because the contract was improperly admitted into evidence, resulting in insufficient evidence to support the court's application of the contract. These claims were not properly raised below, and are therefore reviewed for plain error.[6] Allianz concedes that it did not object to the contract's admission when it was offered, but contends that its later objection to the contract as irrelevant is sufficient because the contract's inadmissibility was only established later during cross-examination. FED. R. CIV P. 46 makes clear that "if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party."[7] The facts surrounding this case do not establish that Allianz had no opportunity to object when the evidence was offered. Allianz based its objection on the dates of the document, which revealed that while the contract offered by Profreight may include the same boilerplate limitation of liability as the contract governing the disputed transaction, it was not the specific contract at issue. The date of the offered contract appeared on its face, and the date of the actual transaction was undisputed. The grounds for the objection were not "revealed" during cross-

---

[6] *Louisiana Bayou Furs Inc.*, 293 F.3d at 921.

[7] FED. R. CIV. P. 46.

examination and Allianz cannot now seek plenary review.[8]  Because any error did not affect substantial rights and seriously affect the fairness, integrity, or public reputation of judicial proceedings, there is no plain error.

Allianz next argues that the district court erred in rejecting its evidence of recoverable damages.  However, we need not consider this issue because the contract's limitation of liability clause limits Allianz's recovery to fifty dollars.

Finally, Allianz claims that the court erred by awarding costs to Profreight as a prevailing party under Fed. R. Civ. P. 54(d)(1). The "prevailing party" determination is a clear, mechanical one; when a judgment is entered in favor of a party, it is the prevailing party.[9]  Given that the court entered judgment for Allianz, it is the prevailing party, and Profreight is not entitled to costs under Fed. Rule Civ. P. 54(d)(1).

AFFIRMED in part, and REMANDED for consideration of Allianz's costs.

---

[8]  Allianz's actions also violated Local Rule 46 of the Southern District of Texas, requiring that "[o]bjections to admissibility of exhibits must be made at least three business days before trial by notifying the Court in writing of the disputes, with copies of the disputed exhibit and authority."

[9] *See Baker v. Bowen*, 839 F.2d 1075, 1081, (5th Cir. 1988); *see also* 10 James Wm. Moore et al., Moore's Federal Practice ¶ 54.101[3] (3d ed. 1998) ("[T]he prevailing party is the party in whose favor judgment was entered, even if that judgment does not fully vindicate the litigant's position in the case.").